# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOSE IRIZARRY,<br><br>    Plaintiff,<br>v.<br><br>LIEUTENANT RING, et al.,<br><br>    Defendants. | Case No. 2:17-CV-0744<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Kimberly A. Jolson<br><br>**STIPULATED PROTECTIVE ORDER** |

    On behalf of their respective parties, undersigned counsels hereby stipulate, agree and move the Court to enter into the following protective order governing the use of confidential information ("Stipulated Protective Order"). The Order is made pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to limit the disclosure of produced and discovered information, for the protection of third parties and to preserve confidentiality of certain matters. The parties agree to be bound by the terms and restrictions of this Stipulated Protective Order limiting the use of such information as hereinafter provided from the date that each party signs this order.

    1.**Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    2.**Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.**Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate any document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, non-public Ohio Department of Rehabilitation and Correction policies and procedures, or such other sensitive information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4.**Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5.**Protection of Confidential Material.**

    **(a) General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    **(b) Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

        **(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action

        **(2) Parties**. Parties and employees of a party to this Order;

        **(3) Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

        **(4) Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Production.** Inadvertent failure to designate any information pursuant to this Stipulated Protective Order shall not constitute a waiver of any otherwise valid claim for protection. In the event of an inadvertent disclosure of Confidential information without proper designation, the producing party shall inform the receiving party of the error. Upon discovery of the inadvertent disclosure of Confidential information, the producing party shall provide within five (5) business days a properly designated set of such Confidential Information to the receiving party. The receiving party shall destroy copies of the improperly designated documents and certify such destruction to the producing party. Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall otherwise be governed by Fed. R. Evid. 502, and the applicable Federal Rules of Civil Procedure.

6.<u>**Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.**</u> The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

**(a)** Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

**(b)** Where agreement is not possible or adequate, to the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court.

**(c)** In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading.

**(d)** The parties shall follow the Court's or Clerk of Court's electronic filing method for documents to be filed under seal and shall not file any confidential documents or pleadings manually with the Clerk of Court.

**(e)** The confidential version shall be filed with the Clerk under seal as above. A copy of the unredacted, confidential version also shall be delivered to the judicial officer's chambers and to opposing counsel. The public version shall be filed on the public docket.

7.**Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. If counsel for the parties cannot resolve such a dispute extra-judicially, then the procedures set forth in Fed. R. Civ. P. 26(c) shall be followed by the party asserting confidentiality.

8.**Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under any procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order should be construed as an attempt to limit the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial. The Undersigned specifically agree that this Stipulated Protective Order shall not prejudice the right of any party or non-party to move for a separate protective order or other discovery order as to

any such particular document or information, to seek exemptions or restrictions differing from those specified herein, or to challenge the status of any information as being protected by Fed. Civ. R. 26(c), regardless of its designation as Confidential Information by a producing party.

9.**Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party on whichever date comes earlier: at least (5) days before the commencement of trial, or on the deadline for exchanging trial exhibits. The notice shall identify the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. In response to any such notification, a party's objection to the use of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information at trial shall request a meeting to confer in a good faith effort to resolve the objection by agreement. If agreement cannot be reached, the objecting party may file a motion with the Court.

10.**Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within sixty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

11.**Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning

the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

12.**No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13.**Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

Date: November 22, 2017                    /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE

**WE SO STIPULATE and agree to abide by the terms of this Order.**

Respectfully submitted,

                                           MICHAEL DEWINE (0009181)
                                           Ohio Attorney General

/s/ Jacqueline C. Greene                   /s/ Zachary R. Huffman (per e-mail consent)
JACQUELINE C. GREENE (0092733)             ZACHARY R. HUFFMAN (0085391)
SARAH GELSOMINO (0084340)                  ZOE A. SAADEY (0089181)
TERRY H. GILBERT (0021948)                 Assistant Attorneys General
FRIEDMAN & GILBERT                         Criminal Justice Section, Corrections Unit
55 Public Square, Suite 1055               150 East Gay Street, 16th Floor
Cleveland, OH 44113-1901                   Columbus, Ohio 43215
Tel: (216) 241-1430                        Phone: (614) 728-3338
Fax: (216) 621-0427                        Fax: (855) 721-0923
jgreene@f-glaw.com                         Zachary.Huffman@OhioAttorneyGeneral.gov
sgelsomino@f-glaw.com                      Zoe.Saadey@ohioattorneygeneral.gov
tgilbert@f-glaw.com

*Counsel for Plaintiff Jose Irizarry*      *Counsel for Defendants Ring and Wysocki*

Date:   November 21, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jacqueline C. Greene
JACQUELINE C. GREENE (0092733)
One of the Attorneys for Plaintiff

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOSE IRIZARRY,<br><br>    Plaintiff,<br>v.<br><br>LIEUTENANT RING, et al.,<br><br>    Defendants. | Case No. 2:17-CV-0744<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Kimberly A. Jolson<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

    The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.

    The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

    The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____   Signature: _____