**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Jose Irizarry, | Case No. 2:17-CV-0744 |
|     Plaintiff, | Judge Michael H. Watson |
| v. | Magistrate Judge Kimberly A. Jolson |
| Lieutenant Brandon Ring, <br> c/o Ohio Dept. of Rehabilitation and Correction, <br> 770 W. Broad Street, <br> Columbus, OH 43222, | **FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |
|     and | |
| Correctional Officer Jenny Wysocki, <br> c/o Ohio Dept. of Rehabilitation and Correction, <br> 770 W. Broad Street, <br> Columbus, OH 43222, | |
|     Defendants, | |
|     and | |
| Captain Michael Rizzo, <br> c/o Ohio Dept. of Rehabilitation and Correction, <br> 770 W. Broad Street, <br> Columbus, OH 43222, | |
|     and | |
| Correctional Officer Jerrett Foster, <br> c/o Ohio Dept. of Rehabilitation and Correction, <br> 770 W. Broad Street, <br> Columbus, OH 43222, | |
|     and | |
| Correctional Officer Vincent Caizza, <br> c/o Ohio Dept. of Rehabilitation and Correction, <br> 770 W. Broad Street, <br> Columbus, OH 43222, | |

|  |  |
|---|---|
| and<br><br>Correctional Officer William Smith,<br>c/o Ohio Dept. of Rehabilitation and Correction,<br>770 W. Broad Street,<br>Columbus, OH 43222,<br><br>    New Party Defendants. |  |

## INTRODUCTION

1. This case seeks damages arising out of trauma and injuries suffered by Plaintiff Jose Irizarry while in the custody of Belmont Correctional Institution Correctional Officers and the Belmont Correctional Institution on or about December 6, 2015.

2. On that date, Correctional Officers working in the Belmont Correctional Institution were deliberately indifferent to Jose's constitutional rights.

3. On that date, Defendant Correctional Officers working in the Belmont Correctional Institution ordered and performed an unreasonable public strip search on Jose, and violated his rights under the Fourth, Eighth, and Fourteenth Amendments.

4. As a result, Jose suffered and continues to suffer severe injuries, which are the result of Defendants' unconstitutional, willful, wanton, and/or reckless conduct.

5. The actions and omissions of Defendants are both the actual and proximate cause of Jose's injuries.

6. Plaintiff seeks compensatory and punitive damages under federal law claims against the Defendants.

7. Plaintiff additionally seeks attorney fees and costs pursuant to 42 U.S.C. Sections 1983 and 1988.

## JURISDICTION AND VENUE

8. This action arises under the laws of the United States, and jurisdiction is conferred on this Court under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

9. Venue in the Southern District of Ohio is proper under 28 U.S.C. § 1391(b), because it is the district in which many if not all of the defendants reside, and because a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

## PARTIES

10. Plaintiff Jose Irizarry is a citizen of the United States and of the State of Ohio, and a resident of Cuyahoga County.

11. Defendants Correctional Officer Jenny Wysocki and Lieutenant Brandon Ring, at all times relevant to this Complaint, were employed by the Ohio Department of Rehabilitation and Correction ("ODRC") and worked in the Belmont Correctional Institution in St. Clairsville, Ohio. They are being sued in their individual capacities.

12. New Party Defendants Captain Michael Rizzo, Correctional Officer Jarrett Foster, Correctional Officer Vincent Caizza, and Correctional Officer William Smith, at all times relevant to this Complaint, were employed by ODRC and worked in the Belmont Correctional Institution in St. Clairsville, Ohio. They are being sued in their individual capacities.

13. At all times relevant hereto and in all their actions described herein, the Defendants acted under color of law and pursuant to their authority.

14. At all times relevant hereto and in all their actions described herein, the Defendants acted within the scope of their employment and in the performance of their official duties.

## FACTS

15. Jose Irizarry is a 36-year old man, and a loving father and husband, residing in Cuyahoga County with his wife and children.

16. On December 6, 2015, Jose Irizarry was an inmate at Belmont Correctional Institution ("Belmont"). At that time, he resided in a large dormitory room containing rows of bunked beds with other prisoners.

17. During count time, when all prisoners were in their bunks, Belmont Correctional Officers, including Defendants Lieutenant Ring and Officers Wysocki, Foster, Caizza, and Smith, approached Jose's bunk.

18. Lieutenant Ring and the other officers approached Jose's bunk in response to an order Ring had received from Captain Michael Rizzo.

19. Captain Rizzo had ordered Lieutenant Ring to conduct a strip search of Jose Irizarry at his bunk, as well as a search of Irizarry's property.

20. Defendants, including Lieutenant Ring and Officers Wysocki, Foster, Caizza, and Smith, informed Jose that he would be subject to a strip search.

21. Defendants had no reasonable suspicion or probable cause to believe that Jose had committed, was committing, or was going to commit any offense when they seized him, or to believe that he had any contraband on his person.

22. One of the Defendants stated that he would take Jose to the restroom to complete the search.

23. However, Defendant Lieutenant Ring stated that he wanted to "make an example out of this Spic drug dealer."

24. Thus, Jose was not taken to the restroom. He remained by his bunk. The Defendant Officer who offered to take Jose to the restroom in order to complete the search left the area, and then sat at a table in the day room.

25. Defendant Officer Wysocki, a female Correctional Officer, moved towards Jose's bunk and told him to start "stripping."

26. Jose took off his clothes in front of his bunk. One Defendant Officer handed Jose's shirt and sweater to another Defendant Officer.

27. Defendants told Jose to open his mouth and take his hair down.

28. Defendants ordered Jose to bend over, spread his buttocks, and cough.

29. Despite the fact that he was surrounded by many other inmates, Jose could not resist against these orders because of Defendants' status as Belmont Correctional Officers and his status as an inmate.

30. Jose did not consent to Defendants' invasive and unreasonable search.

31. Jose complied with Defendants' orders.

32. Jose, who was completely nude, squatted and coughed three times, per Defendants' orders.

33. After following Defendants' orders, Jose stood up.

34. Defendant Lieutenant Ring, Defendant Officer Wysocki, Defendant Officer Foster, Defendant Officer Caizza, and Defendant Officer Smith, who were present and/or nearby, and well aware of the unreasonable and intentionally humiliating search, took no action to intervene, even though they had the duty, ability, and opportunity to do so. In taking no action, they conspired in and/or condoned this unlawful search.

35. Defendants conducted the unreasonable search and seizure in an intentionally humiliating fashion.

36. Jose was extremely humiliated and embarrassed.

37. Because it was count time and the other inmates were in their beds, the entire dormitory was able to see the strip search.

38. The strip search was done in full view of the other inmates. There were approximately 180 inmates in Jose's room.

39. Other inmates were looking over their top bunks and watching during the ordeal.

40. Other inmates laughed and made jokes. Jose heard inmates yell derogatory and sexual comments at him.

41. Defendant Correctional Officers were also making jokes at Jose's expense.

42. Jose was terrified. Jose wanted to cry but did not want to cry in front of the other inmates.

43. After the strip search was completed, Jose dressed.

44. No contraband or illegal substances were found on Jose's person during these searches.

45. Defendants did not have a warrant to conduct these searches.

46. Defendants are not health care professionals, and they conducted the invasive and unreasonable searches in an unsafe, unhygienic, and intentionally humiliating fashion.

47. Next, Defendant Officer Wysocki told Jose that he would have to take a drug test.

48. Defendants told him to walk towards the bathroom.

49. As Jose walked towards the bathroom, the other inmates were laughing, jeering, and making jokes at Jose's expense. Jose heard sexual and derogatory comments yelled from the bunks. These disturbing comments caused Jose to fear injury at the hands of other inmates.

50. Defendants ordered Jose to pull his shirt up and his pants down while urinating. Jose complied and gave the officers the urine sample.

51. During this time, the door to the bathroom was open, and these events were visible to people outside the bathroom. A woman officer was present nearby during these events.

52. Defendants, who were still present and/or well aware of the unreasonable and intentionally humiliating search, still took no action to intervene, even though they had the duty, ability, and opportunity to do so.

53. Defendants had no reasonable suspicion or probable cause to believe that Jose had committed, was committing, or was going to commit any offense when they seized him, or to believe that he had any contraband on his person, when they forced him to submit to this drug test in the above-described manner. Defendants did not have a warrant to conduct this search and/or seizure.

54. Again, though Jose could not resist against these orders because of his status as an inmate, Jose did not consent to this search or seizure.

55. Defendants are not health care professionals, and they conducted the invasive and unreasonable search and/or seizure in an unsafe, unhygienic, and intentionally humiliating fashion.

56. Defendants did not find any contraband or illegal substances from this search and/or seizure.

57. All of these searches and seizures, including the strip search and the drug test, constituted an invasion of Jose's privacy in violation of his constitutional rights.

58. All of these searches and seizures caused Jose to fear injury by Defendants, other correctional staff, and/or inmates at Belmont.

59. On December 6, 2015, when Jose returned to his bunk, he discovered that Defendants had tossed his bunk, and that Defendant Officer Wysocki had rifled through Jose's personal photos and left them in disarray.

60. Belmont Correctional Officers had also searched Jose the day before these events (on December 5, 2015), and did not find contraband or illegal substances. The officers also submitted Jose's urine for urinalysis on December 5, 2015, and it came back clean.

61. After the conclusion of this abuse on December 6, 2015, Jose submitted a formal complaint about Defendants' unconstitutional conduct on the very same day.

62. On December 7, 2015, Jose told a Correctional Officer that he was feeling suicidal and he wanted to go to the Mental Health unit. Jose saw a psychiatrist and told the psychiatrist about the severe distress, trauma, extreme embarrassment and humiliation, and fear that Defendants had caused him.

63. On December 8, 2015, Investigator Ziants received Jose's complaint, filed on December 6, 2015.

64. Investigator Ziants wrote that she reviewed the cameras, that an investigator had opened a case on the incident, and that Jose would be called to her office later that same day.

65. When Jose was called to her office, Ms. Ziants told him that he needed to be transferred out of Belmont for his own safety. Ms. Ziants told Jose that he should choose another institution.

66. Ms. Ziants expressed that she feared that Jose would be subject to retaliation by other Belmont Correctional Officers.

67. Jose shared Ms. Ziants' fear that he would be subject to retaliation by other Belmont Correctional Officers. Jose also feared conduct of other inmates, who might act in response to Defendants' conduct and the searches to which he was subjected.

68. Jose told Ms. Ziants that he chose to be transferred to Grafton Correctional Institution ("Grafton").

69. Jose also went to Belmont medical services on approximately December 9 or 10, 2015 and explained his injuries.

70. Jose was transferred to Grafton soon after.

71. After the transfer, Jose saw mental health services weekly at Grafton.

72. Jose periodically felt suicidal before his release from Grafton because of the trauma caused by Defendants' conduct.

73. Staff at both Belmont and Grafton knew that Defendants had intentionally humiliated and traumatized Jose in the performance of these unconstitutional searches and seizures.

74. After his release from Grafton, Jose continued to see a psychiatrist.

75. Jose currently deals with depression, anxiety, sleeplessness, and persistent nightmares to this day. He has experienced periods where he goes days without sleeping.

76. Jose has flashbacks, and worries that he will have to go through the traumatizing process again whenever he sees individuals wearing white shirts that look like those worn by correctional officers.

77. Jose continues to seek regular mental health care for the pain, extreme mental distress, anguish, humiliation, shame, and fear he suffered while at Belmont.

78. The injuries suffered by Jose were all preventable, had Defendants not engaged in unconstitutional searches and seizures, in violation of Jose's Fourth, Eighth, and Fourteenth Amendment rights.

79. By failing to provide Jose freedom from unconstitutional searches and seizures, Defendants engaged in willful, wanton, reckless, and/or negligent conduct. This unconstitutional conduct and willful, wanton, reckless, and/or negligent conduct was the direct, actual, and proximate cause of Jose's injuries.

80. The strip search and drug test to which Jose was subjected were not designed to minimize emotional and physical trauma, and were not conducted in private, in violation of Jose's constitutional rights.

81. The strip search and drug test to which Jose was subjected were conducted in the presence of and with the involvement of a member(s) of the opposite sex, in violation of Jose's constitutional rights.

82. The strip search and drug test to which Jose was subjected were suspicionless.

83. The strip search and drug test to which Jose was subjected were not conducted pursuant to exigent circumstances nor pursuant to any emergency.

84. The strip search and drug test Jose to which Jose was subjected were not routine searches.

85. The locations for the strip search and drug test to which Jose was subjected were not chosen out of concern for Jose's safety nor for correctional staff's safety.

86. The strip search and drug test to which Jose was subjected were not reasonably related to a legitimate penological interest.

87. The strip search and drug test to which Jose was subjected were not reasonable under the circumstances.

88. Defendants' conduct as described in this Complaint constitutes violations of Jose's Fourth, Eighth, and Fourteenth Amendment rights.

89. As a direct and proximate result of Defendants' actions, as detailed above, Jose suffered and continues to suffer, *inter alia*, extreme mental distress, anguish, humiliation, shame, and fear.

90. As a direct and proximate result of said Defendants' conduct, either individually and/or collectively, Plaintiff suffered and continues to suffer lasting injuries, including physical harm, and serious and severe mental, emotional, and psychological injuries and damages.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Unreasonable Search and Seizure

*against*

**Lieutenant Ring, Correctional Officer Wysocki,
Captain Rizzo, Correctional Officer Foster,
Correctional Officer Caizza, and Correctional Officer Smith**

91. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

92. The acts of Defendants Lieutenant Ring, Correctional Officer Wysocki, Captain Rizzo, Correctional Officer Foster, Correctional Officer Caizza, and Correctional Officer Smith in subjecting and/or conspiring to subject Plaintiff Jose Irizarry to unreasonable, outrageous, and humiliating strip search and drug testing violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be secure in his person, papers, and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

93. As set forth in the foregoing paragraphs, the actions of Defendants in seizing Jose without reasonable suspicion or probable cause and illegally searching and physically abusing him violated Jose's Fourth Amendment rights to be free from unreasonable searches and seizures, and caused the injuries set forth in this Complaint.

94. Defendants' searches of Jose were conducted in public view and in an abusive manner, and impermissibly involved Defendants and/or Correctional Officers of the opposite sex.

95. Defendants acted intentionally, willfully, and/or in a reckless, wanton, gross or unreasonable manner.

96. As a direct and proximate result of the Defendants' conduct, Jose suffered and continues to suffer injury and damages as stated in this Complaint.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Cruel and Unusual Punishment

*against*

**Lieutenant Ring, Correctional Officer Wysocki,
Captain Rizzo, Correctional Officer Foster,
Correctional Officer Caizza, and Correctional Officer Smith**

97. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

98. The acts of Defendants Lieutenant Ring, Correctional Officer Wysocki, Captain Rizzo, Correctional Officer Foster, Correctional Officer Caizza, and Correctional Officer Smith constitute cruel and unusual punishment, and violated Jose's rights under the Eighth Amendment and thus violated 42 U.S.C. § 1983.

99. Defendants' conduct, and the direct consequences of Defendants' conduct, which also includes the foreseeable acts of other prisoners on or about December 6, 2015 who were also housed at Belmont, constitutes unnecessary and wanton infliction of pain and suffering.

100. Defendants' conduct, and the direct consequences of Defendants' conduct, which also includes the specter of future acts of harm by Defendants and by other prisoners housed at Belmont, constitutes unnecessary and wanton infliction of pain and suffering.

101. Defendants' conduct, and the violations of Jose's rights, were sufficiently serious, and resulted in unquestioned and serious deprivations of Jose's basic human needs, denying him the minimalized measure of life's necessities.

102. Defendants were deliberately indifferent to Jose's rights under the Eighth Amendment.

103. Defendants knew that Jose faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

104. Defendants acted intentionally, willfully, and/or in a reckless, wanton, gross or unreasonable manner.

105. As set forth in the foregoing paragraphs, the Defendants violated Jose's Eighth Amendment rights, and caused the injuries set forth in this Complaint.

106. As a direct and proximate result of the Defendants' conduct, Jose suffered and continues to suffer injury and damages as stated in this Complaint.

## THIRD CLAIM FOR RELIEF

42 U.S.C. § 1983 – Substantive and Procedural Due Process Violations

*against*

**Lieutenant Ring, Correctional Officer Wysocki,
Captain Rizzo, Correctional Officer Foster,
Correctional Officer Caizza, and Correctional Officer Smith**

107. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

108. The acts of Defendants Lieutenant Ring, Correctional Officer Wysocki, Captain Rizzo, Correctional Officer Foster, Correctional Officer Caizza, and Correctional Officer Smith violated and/or conspired to violate Jose's procedural and substantive due process rights under the Fourteenth Amendment and thus violated 42 U.S.C. § 1983.

109. Specifically, Defendants violated and/or conspired to violate Jose's substantive due process rights.

110. Jose had a constitutionally-protected life, liberty, or property interest, as described in this Complaint.

111. Defendants violated explicit constitutional guarantees, as described in this Complaint, including, *inter alia*, rights guaranteed under the Fourth, Eighth, and Fourteenth Amendments.

112. Defendants abused their official power, acted arbitrarily and/or capriciously, and exceeded their discretion and/or abused their discretion.

113. Defendants' conduct as described in this Complaint shocks the conscience.

114. Further, Defendants violated Jose's procedural due process rights.

115. Jose had a life, liberty, or property interest protected by the Due Process Clause; he was deprived of this protected interest; and he was not afforded adequate procedural rights prior to depriving him of the protected interest.

116. Defendants acted intentionally, willfully, and/or in a reckless, wanton, gross or unreasonable manner.

117. As set forth in the foregoing paragraphs, the Defendants violated Jose's Fourteenth Amendment rights, and caused the injuries set forth in this Complaint.

118. As a direct and proximate result of the Defendants' conduct, Jose suffered and continues to suffer injury and damages as stated in this Complaint.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Failure to Intervene

*against*

**Lieutenant Ring, Correctional Officer Wysocki,
Captain Rizzo, Correctional Officer Foster,
Correctional Officer Caizza, and Correctional Officer Smith**

119. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

120. As set forth in the foregoing paragraphs, Defendants had the opportunity, duty and ability to intervene on behalf of Jose during Defendants' unconstitutional conduct described in this Complaint, but failed to do so and thereby caused the injuries to Jose as set forth above.

121. Defendants observed or had reason to know that constitutional violations (pursuant to, *inter alia*, the Fourth, Eighth, and Fourteenth Amendments) would be used or were being used, and had both the opportunity and the means to prevent the harm from occurring.

122. Therefore, Defendants violated 42 U.S.C. § 1983.

123. Defendants acted intentionally, willfully, and/or in a reckless, wanton, gross or unreasonable manner.

124. As set forth in the foregoing paragraphs, the Defendants violated Jose's constitutional rights, and caused the injuries set forth in this Complaint.

125. As a direct and proximate result of the Defendants' conduct, Jose suffered and continues to suffer injury and damages as stated in this Complaint.

### FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Supervisory Liability

*against*

### Lieutenant Ring and Captain Rizzo

126. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

127. Defendants, including Lieutenant Ring and Captain Rizzo, who were supervisors at Belmont, violated Jose's constitutional rights in one or more of the ways described above, and/or knew or reasonably should have known that officers under their supervision would violate and/or violated Jose's constitutional rights as described in this Complaint.

128. Defendants Ring and Captain Rizzo, who were supervisors at Belmont, directly committed, participated in, encouraged, facilitated, approved, condoned, turned a blind eye to, knowingly acquiesced, authorized, approved of, and/or purposely ignored the misconduct by Defendants described in this Complaint, including constitutional violations pursuant to, *inter alia*, the Fourth, Eighth, and Fourteenth Amendments.

129. Defendants failed to properly train and supervise their subordinates in following the prescriptive law and regulations through adequate policies and procedures regarding properly

conducting a constitutional search and seizure and in respecting prisoners' Fourth, Eighth, and/or Fourteenth Amendment rights.

130. Defendants' failure to institute adequate policies and procedures and to train and supervise subordinate staff is evident in the failure of multiple Correctional Officers to provide Jose with freedom from violations of his Fourth, Eighth, and Fourteenth Amendment rights.

131. Therefore, the acts of Defendants Lieutenant Ring and Captain Rizzo violated 42 U.S.C. § 1983.

132. Defendants acted intentionally, willfully, and/or in a reckless, wanton, gross or unreasonable manner.

133. As set forth in the foregoing paragraphs, Defendants violated Jose's constitutional rights, and caused the injuries set forth in this Complaint.

134. As a direct and proximate result of Defendants' conduct, Jose suffered and continues to suffer injury and damages as stated in this Complaint.

## PRAYER FOR RELIEF

135. Plaintiff Jose Irizarry has suffered and continues to suffer injuries and damages and prays for judgment against all Defendants, jointly and severally, for:

    A.    Compensatory and consequential damages, to be determined at trial for the violation of Plaintiff's rights and his injuries and suffering;

    B.    Punitive damages in an amount to be determined at trial for the Defendants' willful, wanton, and/or reckless conduct;

    C.    Attorney fees and the costs of this action pursuant to 42 U.S.C. Section 1988; and

    D.    All other relief which this Honorable Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/Jacqueline C. Greene
JACQUELINE C. GREENE (0092733)
SARAH GELSOMINO (0084340)
TERRY H. GILBERT (0021948)
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
Tel:  (216) 241-1430
Fax:  (216) 621-0427
Email: tgilbert@f-glaw.com
       sgelsomino@f-glaw.com
       jgreene@f-glaw.com

*Attorneys for Plaintiff Jose Irizarry*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jacqueline C. Greene
JACQUELINE C. GREENE (0092733)
*One of the Attorneys for Plaintiff*